UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BRIAN MCCARTHY,

    Plaintiff,

v.                                                      Case No. 6:17-cv-1568-Orl-37TBS

FIRST PROTECTIVE INSURANCE
COMPANY,

    Defendant.

## ORDER

This cause is before the Court on its own motion. In what has become an all too familiar exercise, the Court must again dismiss a complaint for failure to sufficiently allege subject matter jurisdiction. Such careless pleading cannot stand, as "[f]ederal courts exercise limited subject matter jurisdiction," which extends only to "cases within the judicial power of the United States as defined by Article III of the Constitution or otherwise authorized by Congress." *See Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994). Such cases include those raising a federal question under 28 U.S.C. § 1331, or where diversity jurisdiction exists under 28 U.S.C. § 1332. Neither jurisdictional basis is present in Plaintiff's Complaint. (Doc. 1.) As it stands, the Complaint must be dismissed.

District courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "[F]ederal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's

properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Plaintiff here claims that the Court has jurisdiction under the National Flood Insurance Act of 1968 ("**NFIA**"), 42 U.S.C. § 4001. (Doc. 1, ¶ 6.) This assertion is flawed in two respects.

First, not every federal statute provides an avenue for plaintiffs to bring suit in federal court. Rather, "when federal law creates a private right of action and furnishes the substantive rules of decision, the claim arises under federal law, and district courts possess federal-question jurisdiction." *Mims v. Arrow Fin. Servs, LLC*, 556 U.S. 368, 378 (2012). Otherwise, courts are "extremely reluctant" to infer a private right of action where a statute lacks one. *See Touche Ross & Co. v. Redington*, 442 U.S. 560, 574 (1979).

Here, a cursory review of § 4001 reveals no private right of action unlocking a door to federal court. *See* 42 U.S.C. § 4001. Nor has Plaintiff pointed to any special facts or legislative history to vault the high hurdle of implying a private right of action. *See Cort v. Ash*, 422 U.S. 66, 78 (1975) (laying out the implied private right of action analysis). What is more, other courts have held that § 4001 offers no such right of action. *See, e.g.*, *Howell v. State Farm Ins. Cos.*, 448 F. Supp. 2d 676, 678–79 (D. Md. 2006) (dismissing claims for breach of implied covenant and fair dealing under the NFIA); *Scritchfield v. Mut. Omaha Ins. Co.*, 341 F. Supp. 2d 675, 678–79 (E.D. Tex. 2004) (finding no right of action under § 4001 for plaintiffs' negligence and damages claims). So Plaintiff's reference to § 4001 does not invoke the Court's subject matter jurisdiction.

Second, after independent research, the Court has identified a possible private right of action under the NFIA. *See* 42 U.S.C. § 4072; *see also, e.g.*, *Scritchfield*, 341 F. Supp. 2d at 679, 682. But Plaintiff has not mentioned this type of claim (Doc. 1), so

the Court still has no basis to exercise federal question jurisdiction here. The Complaint must then be dismissed.[1] If Plaintiff chooses to replead, counsel would be well-advised to reference the specific statutory provision giving rise to federal question jurisdiction.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Complaint (Doc. 1) is **DISMISED WITHOUT PREJUDICE**.

2. On or before Thursday, **September 14, 2017**, Plaintiff may file an amended complaint that remedies the jurisdictional deficiencies set forth in this Order. Failure to timely file may result in a dismissal of this action without further notice.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on August 31, 2017.



ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record

---

[1] To the extent Plaintiff is attempting to invoke the Court's diversity jurisdiction, the Complaint is also deficient. Diversity jurisdiction has its own set of requirements: (1) complete diversity of citizenship between the parties; and (2) an amount in controversy exceeding $75,000. 28 U.S.C. § 1332 (a). Plaintiff alleged neither. (*See* Doc. 1, ¶¶ 1–2).